PALMER et al. v. SUPERIOR MFG. CO.

(District Court, N. D. New York. March 17, 1913.)

1. PATENTS (§ 328*)—INFRINGEMENT—APPARATUS FOR INVERTING TUBULAR FABRICS.

The Palmer patent, No. 878,995, for an apparatus for inverting tubular fabrics, *held* not so clearly infringed by a machine used by defendant as to justify the granting of a preliminary injunction.

2. WORDS AND PHRASES—"AGAINST."

"Against," as applied to motion, means in an opposite direction to, so as to meet.

[Ed. Note.—For other definitions, see Words and Phrases, vol. 1, pp. 258, 259.]

In Equity. Suit by William B. Palmer and Jesse V. Palmer against the Superior Manufacturing Company. On motion for preliminary injunction. Motion denied.

Edmonds & Peck, of New York City, for complainants.

Walter E. Ward, of Albany, N. Y., for defendant.

RAY, District Judge. Complainants allege infringement by defendant of claim 1 of the patent to Wm. B. Palmer, No. 878,995, granted February 11, 1908, and which was the subject of consideration by this court in Palmer v. Jordan Machine Co. (C. C.) 186 Fed. 496, and on appeal by the Circuit Court of Appeals (Second Circuit) in Palmer v. Jordan Mach. Co., 192 Fed. 42, 112 C. C. A. 454, and which court on said appeal reversed the holding below as to claim 1 of the Palmer patent and held it valid and infringed. In that suit the validity of the Palmer patent was conceded. The defendant here has been using one of the infringing machines, which was made by said Jordan Machine Company. Since the decision of that case the defendant has made certain changes in such machine which it now claims avoids infringement, in view of the patent to C. W. Gove, No. 769,648, of September 6, 1904. The defendant also contests the validity of the Palmer patent in view of the prior art, but I am not impressed with such defense. I think the question is one of infringement, having in view the decision of the Circuit Court of Appeals in giving construction to the Palmer patent, its consideration of the Gove patent, and the changes made in the construction of defendant's machine. In view of the fact that the defendant here claims that it has a noninfringing machine, considering the fact it has left out the "yielding means for forcing said feed rolls against said tube" found and claimed in the Palmer patent, and insists it has no means whatever for so forcing the feed rolls against the tube, in the sense that the feed rolls are pushed or moved against the tube (which receives the fabric), and as it has placed spring-pressed anti-friction rolls in the said tube, which was done by Gove in a way, it is proper to see what the Circuit Court of Appeals said as to equivalents and inquire whether the defendant now uses the combination of claim 1 of the patent in suit with an allowable equivalent for said "yielding means

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

for forcing said feed rolls against said tube." The Circuit Court of Appeals, speaking of the Palmer patent, said:

"What the inventor was seeking to protect was his method of advancing the fabric (on the receiving tube) by rolls which pressed against it (the fabric) by yielding pressure, whether that pressure was produced inside or outside of the rolls (feed rolls) by a spring or its equivalent."

I cannot doubt that the defendant now advances the fabric on the tube by feed rolls which press against the fabric and with the fabric interposed against these anti-friction, or idle rollers, located in the tube itself, and which yield on pressure because of the springs connected therewith. This is not the exact method of Palmer's patent as primarily he had his yielding means in or directly connected with his feed rolls, or rather attached to the uprights carrying said feed rolls. The defendant, Jordan Machine Company, in the case referred to, transferred the yielding means to the feed rolls themselves, and this was held an infringement. Palmer had no idle or anti-friction rollers in the tube. Jordan did, but he had no springs there. There was, of course, co-action between the feed rolls and the idle rollers, or anti-friction rollers, and both acted on the fabric to carry it forward on the tube. In defendant's machine as now constructed the feed rollers are solid and unyielding, but the coacting idle rollers are yielding, so that this part of the tube and consequently the fabric is pressed against the feed rolls. That is, instead of yielding means pressing the fabric against the tube and carrying the fabric forward, yielding means press the fabric on the tube against the feed rollers as such fabric is advanced on the tube by such rollers. Gove is the only machine in the prior art. The Circuit Court of Appeals held that Palmer is entitled to a fair range of equivalents. The defendant has done more than to substitute in his machine complained of, the "spreader" of Gove. In Gove that spreader was no part, properly speaking, of the tube. The "spreader" was held between the feed rolls attached to uprights which would swing until fastened in position, and the end of the fabric was opened and extended on this spreader which contained the idle rollers moved outwardly by a spring or springs so as to coact with the feed rollers and move forward the fabric between them. The feed rollers proper were unyieldingly set in the swinging frame and could not approach each other, or the tube. But the defendant has no spreader like Gove's held between the feed rolls and indirectly attached to uprights, and it has dispensed with the swinging frame of Gove which carried the feed rolls as well as the "spreader." In defendant's structure, one section of the tube, in no way connected with the frame or uprights carrying the feed rolls, has the idle rollers referred to, and but for Gove this change of location of the springs and the consequent change of operation would not avoid infringement. It is substantially the same construction and combination of elements, operating in substantially the same way to produce the same result.

I do not now see that any further testimony can add to or subtract from the case as now presented on this motion for an injunction pendente lite. In the Palmer patent as shown and described the two up-

rights carrying the feed rolls are drawn towards each other and against the fabric on the supporting tube by means of a coil spring extending from the one upright to the other. Jordan dispensed with this coil spring entirely, and substituted a spring within each of the feed rolls themselves, which with leather strips could and did allow the surface of the feed rolls to yield and approach each other, and consequently to approach and engage the opposite sides of the supporting tube. This was held to constitute "yielding means for forcing said feed rolls against said tube." That is, the springs within the feed rolls supported on rigid uprights allowed the surface of such feed rolls to approach or recede from the supporting tube as the fabric was pushed or pulled forward on such tube. The defendant has now substituted solid feed rolls without springs and without a flexible surface, so that there is no yielding means in either uprights, feed rolls, or supporting tube, but for the fact that he has so-called "idle rollers" or "anti-friction" rollers as the complaint calls them, located in the supporting tube itself (the tube which carries and receives the fabric) and these now have springs which allow such "idle rollers" to move outwardly and inwardly on pressure. The result is that while the feed rolls when in operation are not moved towards or away from the fabric on the tube, or the tube, the fabric on the tube, the idle rollers being within, is pressed outwardly into contract with the feed rolls and against them, and, if an uneven surface is presented, the idle rollers yield and recede into the tube. Prior to the change the feed rolls yielded while now these idle rollers yield. The effect is substantially the same. Palmer has no idle rollers or anti-friction rollers. The defendant says he has no "yielding means *for forcing said feed rolls against said tube.*" Literally this is true. As now constructed, while the feed rolls are adapted to engage the opposite sides of the tube, the feed rolls are not forced against the tube at all in the sense of being *moved* towards and against. "Against" means, as applied to motion, "in an opposite direction to, so as to meet; (a) toward; (b) upon; as to strike against a rock; the rain beats against the window; to ride against the wind." The idle rollers in the tube and inside the fabric thereon are by means of said springs forced outwardly against the feed rolls. The defendant says that he had a perfect right to use these idle rollers in or on his tube, inasmuch as he is only using a tube well known in the prior art and shown in the Gove patent, No. 769,648, of September, 1904, and there described, the spreader being but a section of tube in point of fact, and to which attention has been called. This is true to an extent, but defendant has a different structure as a whole from that of the Gove patent.

Defendant contends that some of the defendant's machines have these springs connected with the idle rollers, and that some do not, and that there is no special advantage in the springs connected with the "idle rollers" or "anti-friction rollers" located in the tube. If so, the springs can be abandoned and without them there is no infringement as "yielding means for forcing said feed rolls against said tube" would certainly be absent.

If certain that this matter could be justly decided on the record made on this motion—that is, that the facts cannot be changed or further light thrown on the case—I should. be inclined to grant this motion in the interest of a speedy decision by the Circuit Court of Appeals on the merits. In view of the "spreader" of Gove with its rollers controlled by springs coacting with the fixed feed rolls to move the fabric forward, a doubt is created whether or not the defendant's machine now infringes. This doubt is more than a shadow; it has merit. Under the new rules which go into effect February 1, 1913, a speedy trial can be had and the evidence taken in open court at Syracuse. Complainants will suffer little by delay as the defendant uses only one machine alleged to infringe. On the other hand, should the injunction be improperly granted, a substantial wrong would be done defendant.

Denied.